IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY, ) ) ) | |
| Plaintiff, ) ) ) | No. 11 C 4457 |
| v. ) ) | Jeffrey T. Gilbert |
| KIPLING HOMES, L.L.C. and EDWARD C. MATTOX, ) ) ) | Magistrate Judge |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Developers Surety and Indemnity Company ("Developers Surety") filed this lawsuit against defendants Kipling Homes, L.L.C. ("Kipling Homes") and Edward Mattox ("Mattox") for breach of an indemnity agreement (the "Indemnity Agreement") dated March 20, 2002. This matter is before the Court on plaintiff Developers Surety's Motion for Summary Judgment [Dkt.#45].

Developers Surety contends that, pursuant to the Indemnity Agreement, Kipling Homes and Mattox are obligated to indemnify and hold harmless Developers Surety from any loss resulting from its issuance of surety bonds on behalf of Kipling Homes and/or its affiliates.[1] On June 22, 2005, Developers Surety issued two bonds on behalf of Lake Forrest of Shorewood for

---

[1] The Indemnity Agreement lists Kipling Homes L.L.C. as the Principal, with Mattox executing the Agreement as a managing member of Kipling Homes. "Kipling Homes L.L.C." is identified as including "ANY OF ITS PRESENT OR FUTURE MAJORITY OWNED OR CONTROLLED SUBSIDIARIES OR AFFILIATES, WHETHER ALONE OR IN JOINT VENTURE WITH OTHERS; OR ANY CORPORATION, PARTNERSHIP OR PERSON, UPON THE WRITTEN REQUEST OF THE UNDERSIGNED." [Dkt.#46-4], at 8. The Agreement also lists Inland Electric Corp. and Mattox as Indemnitors, with Mattox signing as president of Inland and also signing individually on his own behalf. *Id.*

a development project in the Village of Shorewood, Illinois. Then on October 22, 2005, Developers Surety issued another bond on behalf of Kipling Development Corporation ("Kipling Development") for a development project in Joliet, Illinois. The central dispute in this case is whether Mattox is obligated to indemnify Developers Surety for payments it contends it made under these surety bonds and for unpaid premiums on those bonds.

Developers Surety asserts that it has paid out hundreds of thousands of dollars on claims under the bonds issued on behalf of Lake Forrest of Shorewood and Kipling Development without reimbursement from Kipling Homes as Principal or Mattox as an indemnitor. In addition, Developers Surety alleges it is owed over $100,000 in unpaid premiums on the bonds. Developers Surety appears to argue that Kipling Homes and Mattox are obligated to indemnify Developers Surety for these amounts because Kipling Development and Lake Forrest of Shorewood are wholly owned subsidiaries or affiliates of Kipling Homes.[2] As such, according to Developers Surety, Lake Forrest of Shorewood and Kipling Development are included within the definition of "Principal" under the Indemnity Agreement and Mattox, as an individual indemnitor, is obligated to indemnify Developers Surety for amounts not paid by the Principal for bonds issued on its behalf. *See* footnote 1, *supra*.

Defendant Mattox disputes Developers Surety's interpretation of the Indemnity Agreement that he is obligated to indemnify Developers Surety for the bonds issued on behalf of Kipling Development and Lake Forrest of Shorewood. He argues the Indemnity Agreement does not obligate him to indemnity Developers Surety for any losses sustained as a result of the issuance of those specific surety bonds. Def.'s Opp. Brief [Dkt.#56], at 2. For the reasons discussed herein and as stated on the record during the hearing held on January 24, 2013,

---

[2] Defendant Kipling Homes was dissolved in June 2011.

2

Developers Surety's Motion for Summary Judgment [Dkt.#45] is denied. As set forth below, Developers Surety failed to comply with Local Rule 56.1 in presenting its motion so the Court cannot determine whether judgment as a matter of law is appropriate here.

### A. Standard of Review

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant fails to carry its burden of foreclosing genuine disputes of material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court draws all reasonable inferences for the non-moving party and views the record in a light most favorable to that party. *Eaton v. Ind. Dep't of Corr.*, 657 F.3d 551, 552 (7th Cir. 2011).

### B. Northern District of Illinois Local Rule 56.1

The relevant facts for consideration on summary judgment are derived from the parties' submissions pursuant to Local Rule 56.1, which governs briefing in the Northern District of Illinois. Local Rule 56.1(a)(3) requires the moving party to provide a "statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." The opposing party then must file "a concise response to the movant's statement," admitting or denying each of the movant's factual statements and providing a statement of any additional facts that may require the denial of summary judgment. Northern District of Illinois Local Rule ("L.R.") 56.1(b)(3). In response, the moving party may deny the additional facts to prevent them from being deemed admitted. L.R. 56.1(a).

Local Rule 56.1, however, does not permit the moving party a similar opportunity as the opposing party to submit additional facts. Rather, it permits only the opposing party to provide

3

"additional facts that *require the denial of summary judgment.*" L.R. 56.1(b)(3)(C) (emphasis added). Local Rule 56.1 "does not allow the movant to make successive filings of fact to which the non-movant has no opportunity to respond." *Premier Capital Mgmt., LLC v. Cohen*, No. 02 C 5368, 2008 WL 4378313, at *2 n.4 (N.D. Ill. Mar. 24, 2008).

### C. Plaintiff Failed To Comply With Local Rule 56.1

The Seventh Circuit repeatedly has held that a district court is within its discretion to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law. *Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011) (citing, *e.g.*, *Ammons v. Aramark Uniform Services, Inc.*, 386 F.3d 809, 817–18 (7th Cir. 2004)). Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). A plaintiff's failure to comply with the requirements of Local Rule 56.1 jeopardizes its presentation of evidence and carries consequences described herein.

After Mattox filed his Local Rule 56.1(b)(3) Response to Developers Surety's Statement of Facts and Statement of Additional Facts [Dkt.#54], Developers Surety submitted its Reply in Support of Its Motion for Summary Judgment [Dkt.#57]. Attached to Developers Surety's Reply is a supplemental affidavit and documents not included with its original Local Rule 56.1(a) Statement of Facts [Dkt.#46]. The newly submitted documents include a letter dated October 21, 2003 from an employee at Kipling Development and a fax from Inland Electric dated October 4 and 16, 2002 which includes a letter dated June 19, 2002 from the City of Joliet. [Dkt.#57-1,2]. Together, Developers Surety argues that these documents indisputably establish Mattox's

4

liability under the Indemnity Agreement for the Kipling Development and Lake Forrest of Shorewood bonds. The documents supposedly prove the relationship of Kipling Homes as Principal for bonds issued on behalf of Lake Forrest of Shorewood and Kipling Development as controlled subsidiaries or affiliates of Kipling Homes. *See* footnote 1, *supra*.

Developers Surety, however, is not permitted to present new facts in its Reply brief that have not been subjected to scrutiny by the opposing party. *Cutler v. Quality Terminal Services, LLC*, 2012 WL 669052, at *14 n.11 (N.D. Ill. 2012). "It is well-settled that new arguments cannot be made for the first time in reply. This goes for new facts too." *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989) (citations omitted). Our Local Rule 56.1, similarly, does not permit a moving party to argue facts in reply to the opposing party's facts or arguments when those facts are not included in the moving party's Local Rule 56.1(a) Statement. *Premier Capital, supra*. Thus, the new facts and documents contained in Developers Surety's Reply will not be considered by the Court in ruling on Developers Surety's motion for summary judgment. Mattox is entitled to an opportunity to respond to and, if he can, controvert those facts in opposing Developers Surety's motion.

Based solely on Developers Surety's opening Brief, its Local Rule 56.1(a) Statement and Mattox's response to that Statement [Dkt.#54], the Court cannot find that Developers Surety has established that it is entitled to judgment as a matter of law. Mattox appears to dispute that surety bonds issued on behalf of Lake Forrest of Shorewood and Kipling Development were issued on behalf of Kipling Homes L.L.C. as Principal under the Indemnity Agreement. *See* [Dkt.#54], at ¶¶ 6 -9. Establishing that bonds issued on behalf of those entities were, in fact, issued on behalf of the "Principal" as defined in the Indemnity Agreement apparently was Developers Surety's purpose in submitting the documents it attached to its Reply. But, as

discussed above, Developers Surety cannot establish those facts as undisputed by submitting evidence with its Reply brief. Developers Surety, therefore, has not demonstrated, at least on this record, that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.

For all of the reasons stated herein and on the record during the January 24, 2013 hearing, plaintiff Developers Surety and Indemnity Company's Motion for Summary Judgment [Dkt.#45] is denied. The denial of the motion is without prejudice, however, because the Court cannot now determine that there is no set of undisputed facts that would entitle Developers Surety to judgment as a matter of law. This matter is set for a status hearing on February 6, 2013, at 9:00 a.m., for the reasons stated in Court on January 24, 2013.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 28, 2013