# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| ) | No. 11 C 4457 |
| v. ) ) | Jeffrey T. Gilbert |
| KIPLING HOMES, L.L.C. and ) EDWARD C. MATTOX, ) ) | Magistrate Judge |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Developers Surety and Indemnity Company's Motion for Summary Judgment [Dkt.#63]. Plaintiff Developers Surety and Indemnity Company ("Developers Surety") filed this lawsuit against Defendants Kipling Homes, L.L.C. ("Kipling Homes") and Edward Mattox ("Mattox"), individually, for breach of an indemnity agreement (the "Indemnity Agreement") dated March 20, 2002. Developers Surety seeks to hold Defendants liable for losses, including unpaid premiums, claims paid, costs, expenses and attorneys' fees, it has incurred as a result of issuing the Lake Forrest of Shorewood and Kipling Development Corporation bonds. Developers Surety seeks a judgment against both Defendants, but only Mattox filed a response opposing Developer Surety's Motion for Summary Judgment. Mattox disputes his individual liability under the Indemnity Agreement. For all of the reasons discussed herein, Developers Surety's Motion for Summary Judgment is granted.

**UNDISPUTED FACTS**

Developers Surety is an Iowa corporation with its principal place of business in Irvine, California and is a surety licensed to conduct business in Illinois. Mattox Resp. to LR 56.1 Statement [Dkt.#71], at ¶1. Kipling Homes LLC, an Illinois limited liability company that primarily was engaged in real estate development, was dissolved in 2011. *Id*. at ¶2. During the relevant time period involved in this action, Developers Surety was in the business of providing surety bonds to, among others, companies that develop real estate subdivisions to guarantee the completion of the development projects. *Id.* at ¶4. Kipling Homes requested surety bonds that it needed for its real estate development business from Developers Surety though Scheer's Inc., which acted as the broker between Developers Surety and Kipling Homes. *Id.* at ¶¶5, 7.

Before Developers Surety issued any bonds requested by Kipling Homes and/or its affiliated companies, Developers Surety required that Kipling Homes and Edward Mattox enter into an Indemnity Agreement in which Kipling Homes and Mattox promised, among other things, to indemnify Developers Surety for any losses that Developers Surety incurred as a result of issuing subdivisions bonds on behalf of Kipling Homes. Mattox Resp. to LR 56.1 Statement [Dkt.#71], at ¶8. The Indemnity Agreement was executed on March 20, 2002, by the following entities and/or individuals: Kipling Homes as Principal, through Mattox and Peter Cinquegrani as its managing members; Inland Electric Corporation ("Inland Electric") as an Indemnitor, though Mattox as its president and Pasquale Salvaggio as is vice president; and Mattox, individually, as an Indemnitor. *Id.* at ¶12.

In a letter dated April 15, 2002, on Kipling Development Corporation letterhead, Inland Electric, through Mattox and Cinquegrani, authorized Developers Surety to amend the Indemnity Agreement to add the following annotation to the definition of "Kipling Homes, LLC" as

principal under the Indemnity Agreement: "any of its present or future majority owned or controlled subsidiaries or affiliates, whether alone or in joint venture with others; or any corporation, partnership or person, upon the written request of the undersigned." *Id.* at ¶12; *see also* Developers Surety LR 56.1 Statement of Facts [Dkt.#65-4], Ex. 2. Mattox does not dispute that the definition of Kipling Homes LLC as Principal was amended to include "any of its present or future majority owned or controlled subsidiaries or affiliates, whether alone or in joint venture with others; or any corporation, partnership or person, upon the written request of the undersigned." *Id.* at ¶13.

Lake Forrest of Shorewood was a majority owned or controlled subsidiary of Kipling Homes. Mattox Resp. to LR 56.1 Statement [Dkt.#71], at ¶14. On June 20, 2005, Developers Surety issued Bonds No. 716703S and 716704S, in the respective amounts of $616,315.09 and $2,676,765.56, on behalf of Lake Forrest of Shorewood as principal in favor of the Village of Shorewood, Illinois for development of the Kipling Estates Unit 8, Phases 1 and 2 subdivisions. *Id.* at ¶15.

Kipling Development Corporation was an affiliated company of Kipling Homes. Mattox Resp. to LR 56.1 Statement [Dkt.#71], at ¶17. On October 22, 2002, Developers Surety issued Bond No. 887745S in the amount of $1,263,452.00 on behalf of Kipling Development Corporation as principal in favor of the City of Joliet, Illinois for development of the Timber Oaks subdivision. *Id*. at ¶22.

Both the Village of Shorewood and the City of Joliet made demands on the bonds issued by Developers Surety in the amount of $1,853,919.00. Mattox Resp. to LR 56.1 Statement [Dkt.#71], at ¶24. On May 6, 2011, Developers Surety sent a letter to Kipling Homes and Mattox notifying them of the claims under the bonds and requesting that they post $1,878,919.00

in collateral with Developers Surety under the terms of the Indemnity Agreement for the claims made and anticipated costs. *Id.* at ¶25. Neither deposited the requested collateral. *Id.* at ¶26. Developers Surety has not been reimbursed for any of its losses or related costs incurred as a result of issuing Bond Nos. 716703S, 716704S, and 887745S. *Id.* at ¶28.

## LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *See Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). However, the Court will limit its analysis of the facts to that evidence that is supported by the parties' Local Rule 56.1 statements properly before the Court. *Bordelon v. Chicago Sch. Reform Bd. of Tr.,* 233 F.3d 524, 529 (7th Cir. 2000). When a proposed statement of fact is supported by the record and not adequately rebutted, the Court will accept that statement as true in the context of summary judgment motion. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee,* 246 F.3d 927, 933 (7th Cir. 2001); *Drake v. Minnesota Mining & Mfg. Co.,* 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."); *Evergreen Nat. Indem. Co. v. R & W Clark Const., Inc./Continental Const.*, 2011 WL 5122697, at *4 (N.D. Ill. 2011).

4

**DISCUSSION**

The central dispute in this case is whether Defendants are obligated to indemnify Developers Surety for unpaid premiums, claims made and other expenses under the Lake Forrest of Shorewood and Kipling Development Corporation bonds. Developers Surety argues that Lake Forrest of Shorewood and Kipling Development Corporation are principals under the Indemnity Agreement because they are majority owned or controlled subsidiaries or affiliates of Kipling Homes, and therefore, Defendants are liable under the Indemnity Agreement. Kipling Homes has not filed any response to Developers Surety's Motion, but Mattox disputes that he is obligated as an Indemnitor under the Indemnity Agreement to indemnify Developers Surety for the losses it has incurred.

In Illinois, indemnity agreements are construed — like any other contract — to give effect to the intention of the parties. *See Hanover Ins. Co. v. Smith,* 182 Ill.App.3d 793, 796, 538 N.E.2d 710 (Ill. App. 1st Dist. 1989). In order to discern the intent of the parties, a court will look to the language in the contract. *United States Fidelity Guaranty Co. v. Klein Corp.,* 190 Ill.App.3d 250, 254, 558 N.E.2d 1047 (Ill. App. 1st Dist. 1990). The language is to be given its plain and ordinary meaning unless it is ambiguous. *Id.*; *Hanover Ins. Co. v. Northern Building. Co.*, 891 F.Supp.2d 1019, 1026 (N.D. Ill. 2012).

It is not disputed that Mattox individually signed the Indemnity Agreement as an Indemnitor and that he agreed to indemnify Developers Surety under certain circumstances for losses it incurred as a result of issuing surety bonds on behalf of Kipling Homes, LLC, which is defined as a "Principal" in the Indemnity Agreement. Specifically, the Indemnity Agreement provides, among other terms, that an Indemnitor is liable if Developers Surety issues a bond on behalf of a Principal. *See* Developers Surety LR 56.1 Statement of Facts [Dkt.#65-4], Ex. 1 ("In

consideration of the execution and delivery by Surety of a Bond or any Bonds on behalf of Principal, Principal and Indemnitor shall pay all premiums charged by Surety in connection with any Bond . . . issued by Surety on behalf of Principal and shall indemnify and hold harmless Surety from and against any and all liability, loss, claims, demands, costs, damages, attorneys' fees and expenses…."). The Indemnity Agreement was amended by letter dated April 15, 2002, to expand the definition of Principal to include not only Kipling Homes, LLC but also "any of its present or future majority owned or controlled subsidiaries or affiliates, whether done or in joint venture with others; or any corporation, partnership or person, upon the written request of the undersigned."

Mattox does not dispute the validity of the Indemnity Agreement, but he does dispute his individual liability under the Indemnity Agreement. Mattox asserts that he did not individually request that Developers Surety issue the bonds in question here or furnish the names of Lake Forrest of Shorewood or Kipling Development Corporation to Developers Surety. Because he did not request either of the bonds issued by Developers Surety, Mattox argues that he is not liable individually under the Indemnity Agreement.

Mattox, however, misses the point and fails to respond to Developers Surety's central argument that Lake Forrest of Shorewood and Kipling Development Corporation are included within the definition of "Principal" under the Indemnity Agreement because they are majority owned or controlled subsidiaries or affiliates of Kipling Homes. Mattox has waived any argument in response to the central thrust of Developers Surety's Motion for Summary Judgment by failing to respond to it. *See Thomas v. Kroger*, 2014 WL 555086, at \*1 (N.D. Ill. Feb.12, 2014), citing *Bonte v. U.S. Bank, N.A.,* 624 F.3d 461 466 (7th Cir. 2010) ("Failure to respond to

an argument… results in waiver.")). It may be, however, that Mattox has no good response to that argument, so he chose to say nothing.

Mattox does not dispute that the term "Principal" as defined under the Indemnity Agreement was amended to include "any of [Kipling Homes'] present or future majority owned or controlled subsidiaries or affiliates, whether alone or in joint venture with others; or any corporation, partnership or person, upon the written request of the undersigned." Mattox Resp. to LR 56.1 Statement [Dkt.#71], at ¶13; *see also* Developers Surety LR 56.1 Statement of Facts [Dkt.#65-4], Ex. 2. Instead, Mattox seizes upon the latter clause arguing that the Indemnity Agreement cannot be enforced against him unless he personally requested that Developers Surety issue bonds on behalf of Lake Forrest of Shorewood or Kipling Development Corporation or he furnished their names to Developers Surety.

This argument, however, ignores the first clause in the annotation to the Indemnity Agreement. The annotation is disjunctive and provides two methods by which an entity will be defined as a "Principal" under the annotated Indemnity Agreement: any of Kipling Homes' present or future majority owned or controlled subsidiaries or affiliates, whether alone or in joint venture with others; <u>or</u> any corporation, partnership or person, upon the written request of the undersigned. *See* Developers Surety LR 56.1 Statement of Facts [Dkt.#65-4], Ex. 2 (emphasis added).

Mattox admits that Lake Forrest of Shorewood is a majority owned or controlled subsidiary of Kipling Homes and that Kipling Development Corporation is an affiliate of Kipling Homes. Mattox Resp. to LR 56.1 Statement [Dkt.#71], at ¶¶14, 17. Lake Forrest of Shorewood and Kipling Homes Development Corporation are included within the definition of "Principal" in the Indemnity Agreement, and Mattox individually is liable as an Indemnitor for bonds that are

7

issued on their behalf. It is of no significance that Mattox did not furnish the names or request that Developers Surety issue bonds to Lake Forrest of Shorewood or Kipling Development Corporation.

Although Mattox disputes the amount of damages asserted by Developers Surety, he does not cite to any admissible evidence controverting Developers Surety's evidence to support the damages it incurred. When a summary judgment motion is submitted and supported by evidence as provided in Federal Rule of Civil Procedure 56(c), the nonmoving party may not rest on mere allegations or denials in its pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. To adequately dispute a statement of fact, the opposing party must cite specific support in the record; an unsubstantiated denial or a denial that is mere argument or conjecture is not sufficient to create a genuinely disputed issue of material fact. *See Albiero v. City of Kankakee,* 246 F.3d 927, 933 (7th Cir. 2001) ( "We require that the party opposing the motion take reasonable steps to provide the district court sufficient evidence to create a genuine issue of material fact.").

Here, the Indemnity Agreement specifically contemplated that Kipling Homes and Mattox would pay all premiums charged by Developers Surety and indemnify and hold harmless Developers Surety for claims, losses, and attorney's fees and expenses it incurred in connection with any bonds it issued on behalf of Kipling Homes. The affidavit submitted by Louis White, Senior Claims Counsel for Developers Surety, sets forth Developers Surety's losses: $782,669.50 in claims under the Lake Forrest of Shorewood bonds; $569,732.05 in claims and $45,946.39 in expenses under the Kipling Development Corporation bond; $101,920.00 in unpaid bond premiums for both the Lake Forrest of Shorewood bonds and the Kipling Development Corporation bond; and attorneys' fees. Developers Surety's Rule 56.1 Statement

8

of Facts [Dkt.#65-2], Ex. A at ¶¶1, 18-21. Mattox has not submitted or cited to any evidence to dispute Developers Surety's documentation of the losses and damages it suffered. Without any evidence to support his denial, the Court must accept Developers Surety's claimed damages as true and correct.

## CONCLUSION

For all of the reasons discussed in the Court's Memorandum Opinion and Order, Developers Surety and Indemnity Company's Motion for Summary Judgment [Dkt.#63] is granted. This matter is set for a status hearing on March 20, 2014, at 10:30 a.m. to discuss the form of the judgment order that should be entered in this case.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 13, 2014